**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 17-cv-62051-UNGARO/HUNT

OHIO STATE TROOPERS ASSOCIATION, INC, INTERNATIONAL UNION OF POLICE ASSOCIATIONS, TREVOR KOONTZ, RYAN PURPURA and STEVEN ROHNER

Plaintiffs,

vs.

POINT BLANK ENTERPRISES, INC.

Defendant.

______________________________________/

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION FOR LEAVE TO SUBSTITUTE EXPERT WITNESS**

The Court's Order Expediting Briefing on Plaintiffs' Motion for Leave to Substitute Expert Witness posed two questions: what effect does Plaintiff's expert Allen Price's indictment and unavailability as an expert at trial have on the pending Motion to Certify and should Plaintiffs be permitted to substitute another expert for Price. D.E. 173 at 2.

**1. Mr. Price's Indictment And Unavailability Does Not Impact The Pending Class Certification Motion**

With respect to the first question—the impact of Mr. Price's indictment and unavailability at trial on the pending class certification motion—the parties agree that there should be no impact on the pending class certification motion.[1] *See* Def.'s Opp. to Pl's. Mtn. to Substitute, D.E. 175 at 3. As Plaintiffs noted in their original motion, an indictment is inadmissible hearsay, so it should have no bearing on the pending motion for class certification. Additionally, even after granting

[1] Mr. Price's circumstances also do not impact Mr. Herrmann's opinions and work, including the laboratory testing of new and used SSBS Vests and results thereof, quality control work, statistical analysis and his other opinions and work performed pursuant to his engagement.

conditional certification, district courts retain the flexibility to later alter or amend class certification orders at any time prior to final judgment pursuant to Rule 23(c)(1)(c); *See also* Rule 23(d)(1). Thus, the problem is Mr. Price's unavailability to assist Plaintiffs going forward.

Rather than only address the Court's two specific questions as directed, Defendant, as it has done in several other filings subsequent to its response to the class certification motion, continues to rehash its arguments against class certification and on the merits of the case. Defendant then suggests that the fact Plaintiffs seek to substitute an expert due to Mr. Price's unavailability means a class cannot be certified. Of course, Defendant does not provide any case law to support such a nonsensical assertion. Further, if Defendant's assertions regarding the underlying facts of this matter and the purported multitude of individual issues abound (form arguments Defendant's counsel assert in class actions cases),[2] then this should be the case regardless of who Plaintiffs retain as an expert.

Finally, contrary to Defendant's suggestion, relying on an expert for pretrial proceedings and then having to substitute a new expert for subsequent proceedings and/or trial is not unheard of, as experts are not immune to unanticipated circumstances, such as illness, death, or incarceration. *See Leibel v. NCL (Bahamas) Ltd. d/b/a Norweigian Cruise Line and/or NCL American LLC*, 185 F. Supp. 3d 1354, 1356 (S.D. Fla. 2016) (collecting cases). Here, Mr. Price's indictment was unanticipated and out of Plaintiffs' control.

---

[2] *See e.g., Hargrett v. Amazon.com DEDC, LLC*, Case No. 8:15-cv-02456-WFJ-AAS (M.D. Fla. Jan. 31, 2018 at D.E. 146, p. 21) ("Court would need to conduct countless mini-trials based upon highly individualized evidence…"); *Guarisma et al. v Microsoft Corporation*, Case No. Case 1:15-cv-24326-CMA (S.D. Fla. Aug. 9, 2016 at D.E. 38, p. 12) ("This action cannot be maintained as a class action because the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically…").

**2. Plaintiffs Are Entitled To Reasonable Leave To Substitute Another Expert For Mr. Price Going Forward**

With respect to the second question—whether Plaintiffs should be permitted to substitute another expert for Price—the parties disagree. Plaintiffs' motion set forth the facts and circumstances necessitating this substitution and in doing so, Plaintiffs established good cause and excusable neglect. Defendant, on the other hand, suggests that Plaintiffs proceed with only Mr. Herrmann as their expert since he co-authored the Price/Herrmann expert report. Defendant's argument is based on flawed reasoning, incorrect facts, and would be unduly prejudicial to Plaintiffs.

First, Defendant's argument ignores the fact that Mr. Price and Mr. Herrmann have different expertise and performed different tasks as experts in this matter. While Price and Herrmann co-authored the initial and updated expert reports, they had clearly defined roles based on their respective expertise.

As set forth in Plaintiffs' Initial Expert Disclosures and the Price/Herrmann Expert Report, Mr. Price is a body armor and ballistics expert who has over 38 years of experience researching, designing, developing, manufacturing and selling advanced ballistic protective systems, including as the former head of research and company spokesman on body armor technical issues for Point Blank. "Mr. Price is expected to testify and opine regarding the materials, design, construction, manufacturing, engineering, function, sales, performance and deficiencies of body armor, including as to Defendant's SSBS vests at issue in this litigation." D.E. 142-3 at 3 (Pl.'s Initial Expert Disclosures); D.E. 142-2 at i and 120-121 (Expert Report).

Mr. Herrmann is an expert and Six Sigma Master Blackbelt in process quality control, process improvements and statistical process control. D.E. 142-3 at 4 (Pl.'s Initial Expert Disclosures); D.E. 142-2 at 122 (Expert Report). Mr. Herrmann has Master's Degree in quality

control and applied statistics and has spent his entire career developing and performing mechanical testing on a variety of products in an effort to understand how a particular mechanism or factor will perform. "Mr. Herrmann is expected to testify and opine on laboratory testing performed on Defendant's SSBS vests and statistical information and data related thereto." D.E. 142-3 at 5.

Price and Herrmann conducted a failure analysis of Defendant's SSBS Vests, testing new and used SSBS Vests to determine the mechanism of failure. Mr. Herrmann's role was to develop the test plan for the failure analysis, carry out the actual testing, and perform statistical analysis and evaluation on the test data. *See* Pl.'s Resp. to Def.'s Mtn. to Exclude Expert Reports of Price and Herrmann, D.E. 141 at 8. Mr. Price then evaluated the resulting data and statistical analysis provided by Mr. Herrmann and concluded that regardless of the manner of disengagement of the SSBS connections (whether by shearing or peeling), the SSBS's connection deteriorates leading to premature failure. *Id.* at 1, 6, 10, 11, 15, 17-18. Thus, Price and Herrmann are not interchangeable, as Defendant suggests.

Additionally, Defendant incorrectly states that Mr. Price has never submitted a stand-alone expert report in this matter. D.E. 175 at 1. Indeed, Mr. Price, alone, authored a rebuttal report to Defendant's expert witness Christian Page on September 4, 2018. D.E. 162-2.

It would be unduly prejudicial to Plaintiffs to require them to proceed without a body armor expert.[3] In turn, the prejudice to Defendant would be minimal.[4] Plaintiffs expect their substitute

[3] Defendant's opposition suggests that Plaintiffs' request to substitute experts presents a benefit to Plaintiffs. Not so. Plaintiffs would much rather be in the position of proceeding under the current schedule with their original experts. Plaintiffs have expended significant time and money preparing their case for trial, only to discover that they now need to locate another expert, which will cause unwanted duplicative time and expense. There is no benefit to Plaintiffs under the scenario they are now faced with due to circumstances beyond their control.

[4] Unlike the circumstances in *Payne*, cited by Defendant, Plaintiffs are not seeking to substitute a new expert because the original expert was struck on a *Daubert* motion. *Payne v. C.R. Bard, Inc.*, 606 Fed. Appx. 940, 944 (11th Cir. 2015) ("And, having an expert witness stricken under *Daubert*,

body armor expert to be able to make full use of the testing and statistical analysis already performed by Mr. Herrmann, as set forth in the Price/Herrmann Reports. In this regard, Mr. Herrmann is prepared to separate out his work from that of Mr. Price's in the existing Price Herrmann Reports should that be necessary. The only effect of the substitution is the delay required for Plaintiffs to retain a new body armor expert, to allow reasonable time for his review of the file, to undertake any work he may deem necessary, to write the report, and to allow Defendant to opportunity to depose the new expert.

## CONCLUSION

For the reasons set forth above and in their Motion, Plaintiffs respectfully request the Court grant their motion.

Dated: October 16, 2018

**MOSKOWITZ, MANDELL, SALIM & SIMOWITZ, P.A.**
800 Corporate Drive, Suite 500
Ft. Lauderdale, Florida 33334
Telephone: (954) 491-2000
Facsimile: (954) 491-2051
By: */s/ Ari J. Glazer*
MICHAEL W. MOSKOWITZ
Florida Bar No. 254606
Email: mmoskowitz@mmsslaw.com
ARI J. GLAZER
Florida Bar No. 194212
Email: aglazer@mmsslaw.com

**KANNER & WHITELEY, LLC**
Allan Kanner, Esq.
a.kanner@kanner-law.com

in and of itself, is insufficient to warrant an extension."). *Boca*, also cited by Defendant, is distinguishable factually. There, the expert prepared a supplemental expert report but was unavailable to be deposed by the opposing party. *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, No. 05-80183-CIV, 2006 WL 5309506 (S.D. Fla. Oct. 18, 2006). The offering party proposed to substitute another expert to sit for a deposition regarding the supplemental report, but the court declined to allow a substitute expert and found that without a meaningful opportunity to depose the expert, the supplemental report should be stricken. *Id.* at *2. This is far from the circumstances of the present case.

La. Bar No. 20580
Cynthia St. Amant, Esq.
c.stamant@kanner-law.com
La. Bar No. 24439
701 Camp Street
New Orleans, Louisiana 70130
Telephone: (504) 524-5777
Facsimile: (504) 524-5763
Admitted *Pro Hac Vice*

**COMPLEX LAW GROUP, LLC**
David M. Cohen, Esq.
Ga. Bar No. 173503
dcohen@complexlaw.com
40 Powder Springs Street
Marietta, Georgia 30064
Telephone: (770) 200-3100
Facsimile: (770) 200-3101
Admitted *Pro Hac Vice*

Herschel M. Sigall, Esq.
Ohio Bar No. 0041728
190 West Johnstown Road
Gahanna, Ohio 43230
Tel: (614) 781-7686
Fax: (614) 781-7685
Admitted *Pro Hac Vice*

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served on October 16, 2018 by transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

By: */s/ Ari J. Glazer*
ARI J. GLAZER
Florida Bar 194212
E-mail: *aglazer@mmsslaw.com*

**SERVICE LIST**

Leonard K, Samuels, Esq.
lsamuels@bergersingerman.com
Berger Singerman
350 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Telephone: (954) 525-9900

Troy S. Brown, Esq.
Troy.brown@morganlewis.com
Elisa P. McEnroe , Esq.
Elisa.mcenroe@morganlewis.com
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000

Brian Ercole, Esq.
Brian.ercole@morganlewis.com
Clay Carlton, Esq.
Clay.carlton@morganlewis.com
Melissa M. Coates, Esq.
Melissa.coates@morganlewis.com
Morgan Lewis & Bockius LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 3313
Telephone: (305) 415-3416
**Attorneys for Defendant**