### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-62051-UNGARO

OHIO STATE TROOPERS ASSOCIATION, INC,
INTERNATIONAL UNION OF POLICE
ASSOCIATIONS, TREVOR KOONTZ, RYAN
PURPURA and STEVEN ROHNER

        Plaintiffs,

vs.

POINT BLANK ENTERPRISES, INC.

        Defendant.

_____/

### PLAINTIFFS' RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION TO COMPEL (D.E. 170)

Defendant's Motion to Compel raises two issues: (1) a notice the Ohio State Troopers Association, Inc. ("OSTA") sent to its members, and the results thereof; and (2) Defendant demands to take a *second* deposition of the OSTA but under a misleading ruse of requesting a deposition of the same deponent in his "individual capacity." Each issue is addressed below. Each of Defendant's contentions lacks any basis in law or fact and should be denied. Indeed, as to the second issue, it does not appear jurisdiction even exists to address it.

#### 1.  OSTA's July 11, 2018 Letter and August 15, 2018 Affidavit

During discovery in this matter Defendant improperly took the position that the Plaintiff associations were required to gather and produce documents – not from the associations – but documents and information solely within the possession of members of the associations. The associations did not have the information and documents requested, did not maintain the documents in the normal course of business and further, did not have any compulsory ability to force members to provide such documents. That issue was addressed in prior briefing and at the

1

July 5, 2018 hearing before Judge Hunt.  Essentially, Defendant's untenable position was akin to requesting the Court to order the NRA to somehow force its members to turn over their email and computer passcodes so their emails and computers could be searched by an IT person hired by opposing counsel merely because the association itself was a party to litigation (or a corporation to require its shareholders to provide their email and computer passwords so their email and computers could be searched for documents).  This was despite the fact that no jurisdiction even exited over non-party members of the associations.  Defendant cited no authority for its position.  Defendant's motion was not granted.  As the Court noted, "I understand you can't compel them because they are voluntary."  Hrg. Trans. p. 26.

That being said, Plaintiffs informed Defendant (and the Court) that since they had finally received Defendant's list of SSBS Vest sales on June 15, 2018[1] and could identify OSTA members who actually purchased a SSBS Vest that OSTA was working to send out a notice. And, although counsel for the parties initially continued to discuss sending out a notice to ten individuals, ironically, following the July 5, 2018 hearing Defendant's counsel indicated that after discussion with their client, it planned to reach out to some of its customers on its own and preferred that Plaintiffs' *not* send out any notice.  Then, Defendant did precisely that.  It reached out to and filed declarations from ten officers and one department in opposition to Plaintiffs' motion for class certification.  D.E. 122-1,2,5,6,8-14.  Having reached out to and submitted declarations on its own from officers that Defendant purported were independent (and knowing that Plaintiffs were also working to send out a notice), Defendant ceased further discussion with Plaintiffs on this issue.

On July 11, 2018, after considerable time and expense, OSTA sent out a letter to not just

---

[1] Despite Plaintiffs' having served their discovery requests on January 9, 2018 Defendant withheld this list until one week before the deadline for Plaintiffs to file their class certification motion. That conduct, and Defendant having purposely concealed other critical documents is the subject of a separate pending motion at D.E. 176.

ten, but 215 individuals that it cross referenced from Defendant's sales list (of the more than 1,800

OSTA members) as having purchased a SSBS Vest.  The letter requested those members to inform

OSTA (either yes or no) as to whether they had experienced a failure of the SSBS in their vests.

A copy of the letter, along with an Affidavit detailing OSTA's efforts and a list of the specific

individuals who responded (including vest type, model, date of purchase) was filed with the Court

at D.E. 134-8 and is attached hereto as **Exhibit A.**

In addition to all of that, Plaintiffs also gathered and produced to Defendant the documents

and correspondence sent to OSTA from those responding members.  **Exhibit B** hereto.  In the end,

Defendant complains because the responses are damaging to Defendant.  More specifically, the

responses evidence that 16 of the 198 Ohio Highway Patrol members that received the notice

(8.1%) had experienced a failure of their SSBS Vest.[2]  But that figure is a floor.  If calculated as a

percentage of those who actually responded either yes or no to the mailed notice (as opposed to

those who had not yet responded and thus, no information is available one way or the other) it is

64%.  Defendant's own proffered expert testified that "one out of ten would obviously be a big red

flag."  Given the above, Defendant now wants the Court to order yet another notice to the same

individuals. Furthermore, the Court may soon rule on Plaintiffs' motion for class certification.  If

granted, a Court-approved and ordered notice would be sent to class members.

## 2.  Defendant Has Already Taken the Deposition of Plaintiff OSTA

On June 25, 2018 Defendant took the deposition of Plaintiff OSTA.  OSTA designated

Sergeant Jeremy Mendenhall as the deponent.  A copy of the June 8, 2018 deposition notice is

attached as **Exhibit C** hereto.  Significantly, three of the listed topics were:

5.  Any communications between you (or your attorneys) and any members of the

---

[2] Of the 215 notices sent out, 17 were returned as undeliverable (the individuals had moved since the last time he or she provided an address to OSTA).  **Exhibit A**, ¶ 6.

putative class, including any individual Plaintiffs, relating to SSBS vests or the subject matter of this Lawsuit.

6.  Any communications between you (or your attorneys) and any users of SSBS vests concerning SSBS vests or the subject matter of this Lawsuit.

9.  The number and identity of any members who have experienced any alleged problem with their SSBS vests and the nature and basis of any such problem.

Defendant now seeks a second deposition on the same exact topics covered in the prior deposition – OSTA's communications with its members "concerning SSBS vests" and if they "have experienced any alleged problem with their SSBS vests…" But, Defendant knew that Rule 30(A)(2)(a)(ii) requires leave of court and a strong showing for any deposition where "(ii) the deponent has already been deposed in the case." Thus, in an effort to circumvent that rule, Defendant issued a notice of deposition seeking to depose Sergeant Mendenhall, but supposedly in his "individual capacity." However, as Defendant knows, all of the actions about which Defendant seeks to inquire of Sergeant Mendenhall were performed by Sergeant Mendenhall in his representative capacity. Specifically, the July 11, 2018 letter OSTA sent out is on OSTA letterhead and indicates it is sent by OSTA. It requests members "contact the O.S.T.A" and provides an OSTA telephone number. Likewise, the August 16, 2018 affidavit details all of OSTA's efforts and is signed by Sergeant Mendenhall, as President of OSTA. In short, no fair reading of the documents could even remotely suggest anything was done my Sergeant Mendenhall in an individual capacity.

This is not a situation where Defendant seeks to depose Sergeant Mendenhall regarding his personal experiences with his vest or the like. Even if it were (and Defendant acknowledges it is not) Defendant already questioned him relating to his personal experiences. During the June 25th deposition, which lasted six hours and eighteen minutes (and nearly eight hours in real time), Defendant extensively questioned Sergeant Mendenhall as a representative of OSTA *and* in his

individual capacity as a law enforcement officer.  *See, e.g.* "Q.· Right. And so have *you* ever done that with respect to taking on and off any of *your* vests with respect to the shoulder strap or the shoulder area of the vest?"  Mendenhall Depo. 106:20-23 (emphasis added).  *See also, e.g.* "Sergeant Mendenhall And I'll -- I'm asking this in your individual capacity, not as a -- not as a corporate representative of OSTA.  If the vest that you purchased before the one you currently have was a Point Blank vest, would you be a member of the class that's at issue here?"  *Id*. at 214:22-215:2

      **a.  No Jurisdiction Exists For A Deposition of Sergeant Mendenhall, Individually**

In addition to lacking any factual basis for a second deposition of OSTA, no legal basis (indeed no jurisdiction) exits for an individual deposition of Sergeant Mendenhall.  Sergeant Mendenhall is not a party to this litigation and Plaintiffs' counsel do not represent him as an individual witness. Plaintiffs' counsel represent OSTA and have produced their retention agreement, which is only with OSTA.  Glaringly absent from Defendant's Motion to Compel is an actual copy of the facially defective notice of deposition Defendant's counsel *emailed* to Plaintiffs' counsel on September 17, 2018 (attached hereto as **Exhibit D**).  That notice of deposition demands the deposition of a third-party witness from Ohio, and demands Sergeant Mendenhall travel back to Florida and present himself at Defendant's office in Miami.  If Defendant were truly seeking to take the deposition of Sergeant Mendenhall solely as an individual witness and not in any way relating to his capacity as a corporate representative of OSTA, then pursuant to the Federal Rules and the Court's Local Rules, Defendant was *required* to: (i) serve a subpoena; (ii) to serve it in Ohio within 100 miles from where Sergeant Mendenhall resides; (iii) designate a location within that geographical area for the deposition; (iv) serve the subpoena fourteen days ahead of the requested deposition date (pursuant to Local Rule 26(h)); and (v) do all of the above at least

fourteen days prior to the close of discovery.  The rules do not provide any exceptions to those provisions.

Furthermore, pursuant to Fed. R. Civ. P. 45, Defendant was also required to issue the witness and mileage fees, without which any such subpoena is void *ab initio*.  S*ee* 9A C. Wright & A. Miller, Federal Practice and Procedure § 2454, pp. 402-03 (3d ed. 2008) ("Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena."); *Bristol Heights Assocs., LLC* v. *Chi. Title Ins. Co.,* 2013 U.S. Dist. LEXIS 47426, *8,2013 WL 1342288 (D. Conn. Apr. 2, 2013) ("Without a fee, [subpoenas] are invalid and unenforceable."); *Song* v. *Dreamtouch,* No. 01-CV-0386, 2001 U.S. Dist. LEXIS 5822,2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid."); *Cincinnati Ins. Co. v. Cochran*, 2005 U.S. Dist. LEXIS 44806 *11-12 (N.D. Fla. 2005) (denying motion to compel and issuing sanctions for burden imposed by party's failure to comply with subpoena rules) (citing *In re Silicone Gel Breast Implants Prod. Liability Litigation*, 1996 WL 1358526, * 1n.1 (N.D. Ala. 1996) (court will deny motion to enforce subpoena where the subpoena is not in compliance with Rule 45) and *Smith v. Midland Brake, Inc*., 162 F.R.D. 683, 686 (D. Kan. 1995) (holding that a court cannot compel a party to comply with a subpoena duces tecum which is not properly issued or served)).  Defendant followed exactly none of those procedures, let alone doing so before discovery closed on October 12, 2018.[3]

Furthermore, had Defendant issued a subpoena, doing so would possibly have been sanctionable.  Pursuant to Rule 45(d)(1) "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person

---

[3] Defendant asserts that Plaintiffs did not file a motion for protective order. Because a subpoena was required and was not issued, no jurisdiction even existed for an out-of-state non-party.  A notice of deposition is insufficient to depose such a non-party witness in their individual capacity.

subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction." There is no legal basis upon which Defendant could command Sergeant Mendenhall, a non-party, to travel again to Florida to be deposed in his individual capacity, separate from his role as President of OSTA. Rule 45(d)(3) precludes precisely that. "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that…(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)."

### b. Defendant Not Only Chose, But Demanded, An Early Deposition of OSTA

Pursuant to the Court's Scheduling Order, discovery continued through October 12, 2018. Defendant waited until the eve of the deadline for class certification filings, however, and then demanded to take "full and complete deposition[s] of each named individual Plaintiff and each named association Plaintiff" on an emergency basis prior to class certification filings. The parties engaged in extensive correspondence relating thereto. A motion to extend was also filed for that same stated purpose and to extend Defendant's time to file its response to the class certification motion so that the "full and complete" depositions Defendant demanded could be taken. An order was entered as a result that provided in relevant part, "Secondly, the extension will provide Defendant the opportunity to depose Plaintiffs…" D.E. 78 at 2 (June 6, 2018).

Put differently, Defendant purposely chose, and represented to Plaintiffs and the Court, that it wanted to take those "full and complete depositions" prior to class certification, knowing that discovery continued well after class certification briefing through October 12, 2018. **Exhibit E** hereto. Plaintiffs specifically responded that Defendant's last-minute demands for all depositions with just two weeks' notice and all on full separate days in Miami for each deponent (refusing to combine any depositions) was unreasonable (difficult on the officers to get approval

7

from their command, their court appearances rearranged, and their shifts covered all with such short notice). Plaintiffs also indicated it was unnecessary given that discovery would continue through October and additional information would likely come forth as discovery continued. Defendant nevertheless insisted and made an informed decision because of, as its counsel stated, "the importance of the class certification stage."

Defendant now regrets demanding to take the deposition of OSTA early and seeks to burden the Court, Plaintiffs and non-party Sergeant Mendenhall with additional time and expense because of its own fully-informed choices. Defendant knew that discovery would continue through October 12, 2018 and that more information would result from ongoing discovery. That is how discovery works. Defendant cannot now be heard to complain of its own choices, even if jurisdiction existed for the purported "individual" deposition it seeks.

**c. The Cases Cited By Defendant Do Not Support Defendant's Positions**

Defendant's "inferential" citation to *Boldstar Tech, LLC. v. Home Depot USA, Inc.*, 2008 WL 11320004 *3 (S.D. Fla. Apr. 21, 2008) is so far afield from supporting its position in any way that it is misleading. Surprisingly, Defendant failed to mention in its motion that in *Boldstar*, Michael Powell was separately a named party and co-plaintiff in the case, in addition to being a possible 30(b)(6) designee for the corporate plaintiff. There were also two defendants in that case, each of which wanted to depose him. As the Court explained the factual background at issue there:

> Michael Powell, co-Plaintiff herein, was deposed on March 4, 2008 pursuant to a notice of deposition issued by Defendant Home Depot. Counsel for Defendant Industriaplex, Inc. attended the deposition. Although Powell's deposition lasted for a full day of seven (7) hours, Industriaplex's portion of the deposition did not commence until 3:46 p.m. At 6:00 p.m., while Plaintiff was being deposed by counsel for Industriaplex, Plaintiffs' counsel terminated the deposition because seven hours had elapsed…With regard to Powell's deposition in his individual capacity, although this Court is sympathetic to the fact that Powell has already been subject to seven hours of deposition, the fact remains that counsel for Industriaplex was only permitted to question Powell for two (2) hours and fourteen

(14) minutes, at which time the deposition was unilaterally terminated by counsel for Plaintiffs…because the parties agree that Powell's "first" deposition was noticed by Home Depot, not Industriaplex, and because Industriaplex reportedly has many areas in which it has yet to depose Powell, Plaintiffs have failed to show good cause to preclude Industriaplex from continuing its deposition of Powell in his individual capacity.

*Id*. at 2-3.  The Court went on to explain that if the corporate plaintiff designated him as a 30(b)(6) witness, the defendants were still entitled to depose him because he was separately a named party to the case.  "The mere fact that Plaintiffs may choose to designate Powell as the corporate representative for Boldstar does not lead to a conclusion that either Plaintiffs or Powell are being overburdened by virtue of the fact that he is subject to depositions in his dual capacities."  *Id*.[4]

Here, Sergeant Mendenhall is not a named party to this case.  Nor is there another defendant that is now seeking to depose him.  Furthermore, both *Boldstar* and *DHL Express (USA) Inc. v Express Save Indus. Inc.*, 2009 WL 3418148 (S.D. Fla. Oct. 19, 2009), the remaining case cited by Defendant, involved scenarios not present here where the deponent was first deposed in his individual capacity and later, a 30(b)(6) deposition was sought where the opposing party had an ability to designate, or to not designate, that same individual as the deponent.  The opposing party could not preclude a subsequent 30(b)(6) deposition by simply contending it would designate the same deponent previously deposed in an individual capacity.  Further, as noted in *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, 2008 U.S. Dist. LEXIS 9563 *8-9 (S.D. Fla. 2008), "this Court did not find any case law that barred a second deposition of an individual *who was first*

---

[4] One of the remaining two cases cited by Defendant, *CFTC v. Midland Rare Coin Exch. Inc. et al.*, 1999 WL 35148749 (S.D. Fla. Jul. 30, 1999) likewise involved a deposition of a party to the action (Mark Modist) as well as a 30(b)(6) deposition. Case No. 97-cv-07422 (D.E. 339 at 1, 8) ("At all times material to this Complaint, acting alone or in concert with the other defendants, Modist has formulated, directed, controlled or participated in the illegal acts or practices described in this Complaint.")  That case also involved nearly a dozen defendants represented by separate counsel, numerous cross designations for depositions, and various orders by the court permitting additional depositions and deposition time to accommodate all parties (not a situation present here).

*deposed in his individual capacity* and then called to testify a second time on behalf of the corporation." (emphasis added).  However, the Court recognized that the reverse situation is different and cited with authority a 1st Circuit case that precluded the situation here where an individual was first deposed as a 30(b)(6) witness that then later noticed for an individual deposition. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001) ("The district court was not 'plainly wrong' when it quashed the subpoenas issued to the three employees" for individual depositions).[5]  As has been explained by other federal courts, pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii), leave of court is necessary for a deposition of a witness in his "individual capacity" where that same individual was previously deposed as a 30(b)(6) designee. "The policy against permitting a second deposition of an already-deposed deponent is equally applicable to depositions of individuals and organizations." *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 232-235 (E.D. Pa. 2008) (barring later deposition of 30(b)(6) designee in their "individual capacity.").  Under that policy, absent leave of Court (which Defendant never sought here) a notice of deposition for a second deposition is invalid.

Lastly and significantly, none of the cases of course addressed or obviated the need to issue a subpoena and otherwise comply with the Federal and Local Rules for deposing an out-of-state witness.  As stated above, Defendant complied with none of those rules, is charged with knowledge and compliance with the rules, and discovery is now closed.

### CONCLUSION

For the reasons set forth above, no legal or factual basis exists for the relief sought in Defendant's motion to compel. Additionally, jurisdiction is lacking to compel Sergeant Mendenhall to appear for deposition in his individual capacity in Miami as Defendant disregarded

---

[5] Significantly, in *Ameristar*, unlike here, subpoenas were actually served and thus, the jurisdictional bar presented here was not at issue.

multiple separate provisions of the Federal and Local Rules.

Dated:  October 23, 2018

**MOSKOWITZ, MANDELL, SALIM & SIMOWITZ, P.A.**
800 Corporate Drive, Suite 500
Ft. Lauderdale, Florida 33334
Telephone: (954) 491-2000
Facsimile: (954) 491-2051
By:    s/ Ari J. Glazer
        MICHAEL W. MOSKOWITZ
        Florida Bar No. 254606
        Email: mmoskowitz@mmsslaw.com

        ARI J. GLAZER
        Florida Bar No. 194212
        Email: aglazer@mmsslaw.com

**KANNER & WHITELEY, LLC**
Allan Kanner, Esq.
a.kanner@kanner-law.com
La. Bar No. 20580
Cynthia St. Amant, Esq.
c.stamant@kanner-law.com
La. Bar No. 24439
701 Camp Street
New Orleans, Louisiana 70130
Telephone: (504) 524-5777
Facsimile: (504) 524-5763
Admitted *Pro Hac Vice*

**COMPLEX LAW GROUP, LLC**
David M. Cohen, Esq.
Ga. Bar No. 173503
dcohen@complexlaw.com
40 Powder Springs Street
Marietta, Georgia 30064
Telephone: (770) 200-3100
Facsimile: (770) 200-3101
Admitted *Pro Hac Vice*

Herschel M. Sigall, Esq.
Ohio Bar No. 0041728
190 West Johnstown Road
Gahanna, Ohio 43230
Tel: (614) 781-7686
Fax: (614) 781-7685

11

Admitted *Pro Hac Vice*
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served on October 23, 2018 by transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

By:*/s/* Ari J. Glazer
ARI J. GLAZER
Florida Bar 194212
E-mail: *aglazer@mmsslaw.com*

## SERVICE LIST

Leonard K, Samuels, Esq.
lsamuels@bergersingerman.com
Berger Singerman
350 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Telephone: (954) 525-9900

Troy S. Brown, Esq.
Troy.brown@morganlewis.com
Elisa P. McEnroe , Esq.
Elisa.mcenroe@morganlewis.com
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000

Brian Ercole, Esq.
Brian.ercole@morganlewis.com
Clay Carlton, Esq.
Clay.carlton@morganlewis.com
Melissa M. Coates, Esq.
Melissa.coates@morganlewis.com
Morgan Lewis & Bockius LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 3313
Telephone: (305) 415-3416
**Attorneys for Defendant**