**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 17-cv-62051-UU

OHIO STATE TROOPERS ASSOCIATION, INC.,
INTERNATIONAL UNION OF POLICE
ASSOCIATIONS, TREVOR KOONTZ, RYAN
PURPURA and STEVEN ROHNER,

       Plaintiffs,

v.

POINT BLANK ENTERPRISES, INC.,

       Defendant.

_____

**DEFENDANT POINT BLANK ENTERPRISES, INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL THE DEPOSITION OF JEREMY MENDENHALL,
PRESIDENT OF PLAINTIFF OHIO STATE TROOPERS ASSOCIATION, INC.,
<u>IN HIS INDIVIDUAL CAPACITY</u>**

I.     **INTRODUCTION**

Point Blank Enterprises, Inc. ("PBE") has demonstrated good cause to compel the deposition of Jeremey Mendenhall, and Plaintiffs' Opposition merely confirms that PBE's Motion should be granted for multiple reasons.

First, Plaintiffs' Opposition is untimely and grossly exceeds the page limits set forth in the Court's General Order On Discovery Objections And Procedures (the "Discovery Order"), which was entered over 5 months ago on May 14, 2018.  ECF No. 61.  As a result, Plaintiffs' Opposition should be stricken and PBE's Motion should be granted as unopposed.

Second, Plaintiffs' Opposition substantively demonstrates why PBE's motion should be granted.  Plaintiffs concede that Mr. Mendenhall is the President of Plaintiff Ohio State Troopers Association ("OSTA"); that Mr. Mendenhall is responsible for and has communicated with OSTA members about the subject of this lawsuit; and that, as President of OSTA, he submitted the Mendenhall Declaration in connection with Plaintiffs' class certification reply (and after the Rule 30(b)(6) deposition of OSTA).  Because Mr. Mendenhall possesses relevant information, Plaintiffs must make Mr. Mendenhall available for a deposition in his capacity as President of OSTA.  In addition, notwithstanding that PBE has the due process right to depose Mr. Mendenhall in his capacity as President of OSTA about ***any relevant issue***, PBE is willing to limit the scope of the deposition to the circumstances surrounding the Mendenhall Declaration, its underlying communications, and any other communications that Mr. Mendenhall has had with putative class members or any experts regarding the subject matter of this case.[1]

Plaintiffs' arguments to the contrary fail as a matter of law—and common sense.  While OSTA *chose* to designate Mr. Mendenhall as a corporate designee, case law is clear that this does not immunize Mr. Mendenhall from a deposition in his individual capacity as the President

---

[1] Mr. Mendenhall, the President of OSTA, should be deposed in the Southern District of Florida (not Ohio) for multiple reasons.  First, Plaintiffs never moved for a protective order regarding the location set forth in Mr. Mendenhall's deposition notice and has identified no burden in having Mr. Mendenhall come to Florida for the deposition.  In addition, PBE has had to incur the cost of filing its Motion, and should not be forced to incur the cost of having to travel to Ohio to take Mr. Mendenhall's deposition.  Lastly, and most importantly, Mr. Mendenhall should be deposed where OSTA and the other Plaintiffs chose to file their lawsuit—the Southern District of Florida.  *See, e.g., Dude v. Cong. Plaza, LLC*, 2018 WL 2291308, at *2 (S.D. Fla. May 18, 2018), *reconsideration denied,* 2018 WL 3432714 (S.D. Fla. July 16, 2018) (ordering plaintiff's deposition take place in the district filed).  Of course, to the extent that the Court believes otherwise, PBE's counsel is willing to travel to Ohio to take the deposition.

of OSTA—and certainly not with respect to the Mendenhall Declaration he submitted, and any communications about this case with OSTA members or other putative class members, *after* the Rule 30(b)(6) deposition of OSTA took place.  Likewise, Plaintiffs' argument that the Court lacks jurisdiction to compel the deposition of the officer of a party is frivolous; it ignores long-standing case law holding that a deposition notice (and not a subpoena) is sufficient to require the executive of a corporate entity to appear for a deposition.  Because both arguments fail and should be summarily rejected, PBE's motion should be granted and the Court should compel Mr. Mendenhall to appear for a deposition in the Southern District of Florida prior to the November 2, 2018 summary judgment deadline.

## II.    LEGAL ARGUMENT

### A.    Plaintiffs' Opposition Fails To Comply With The Court's Discovery Order And Should Be Stricken.

This Court's Discovery Order sets forth mandatory requirements for briefing over discovery motions, including timelines for filing and responding to discovery motions.  Plaintiffs have ignored those requirements.

First, Plaintiffs' Opposition is untimely.  Under the Court's Discovery Order, "*the response shall be filed on or before the fifth business day following the date the motion was filed*.  The reply, if any, shall be filed on or before the third business day following the filing of the response. The time period for filing a response or reply will begin to run on, and shall include, the first business day following the filing of the motion or response."  (ECF No. 61 at 5 (emphasis added).)  This language is mandatory.  Although Plaintiffs' Opposition was due no later than October 16, 2018, Plaintiffs waited until October 23, 2018 to file their Opposition.  Plaintiffs should be held accountable for this failure.

In addition, under the Discovery Order, Plaintiffs' Opposition must be limited to 5 pages.  *See id.* at 4 ("The nonmoving party *shall* file a response to the motion, which is not to exceed five pages in length.").  Again, this rule is mandatory.  Plaintiffs' Opposition is 10 pages—*twice* as long as what is permitted under the Discovery Order.  For this reason, too, Plaintiffs' Opposition should be stricken.

### B.    Plaintiffs' Opposition Fails On The Merits.

Plaintiffs' Opposition does not dispute that Mr. Mendenhall has information relevant to PBE's defenses in this case, including the factual circumstances behind the Mendenhall

2

Declaration—which was submitted after OSTA's Rule 30(b)(6) deposition. This alone requires the Court to grant PBE's Motion, because the law is clear that so long as he or she has relevant information, an executive of a company can be deposed in his or her individual capacity despite also serving as a Rule 30(b)(6) designee. ECF No. 170 at 4-5; *see also, e.g., DHL Express (USA), Inc. v. Express Save Indus. Inc.,* 2009 WL 3418148, at *5 (S.D. Fla. Oct. 19, 2009); *Boldstar Tech., LLC v. Home Depot USA, Inc.,* 2008 WL 11320004, at *3 (S.D. Fla. Apr. 21, 2008); *Provide Commerce, Inc.,* 2008 WL 360588, at *3; *Commodity Futures Trading Comm'n v. Midland Rare Coin Exch. Inc.,* 1999 WL 35148749, at *3 (S.D. Fla. Jul. 30, 1999) (same). Consistent with this case law, Mr. Mendenhall should be compelled to appear for a deposition in the Southern District of Florida.

In addition, the deposition of Mr. Mendenhall is particularly warranted given Plaintiffs' gamesmanship in the circumstances leading up to the Mendenhall Declaration—and PBE's need to test the statements made in that Declaration. Despite Plaintiffs' representation that they would work with PBE to send a mutually agreeable letter to certain OSTA members in order to get PBE to withdraw its motion to compel (ECF No. 117), PBE never saw, reviewed, or agreed to the text of the one-sided July 11, 2018 letter that serves as the basis for the Mendenhall Declaration. PBE had no input into that letter whatsoever. Indeed, PBE did not even know of its existence until Plaintiffs filed it as an exhibit on August 16, 2018 (ECF No. 134-8). Although Plaintiffs now argue that PBE's counsel told Plaintiffs that PBE did not want to craft and sent a joint letter to OSTA members (Opp. at 2-3), PBE said no such thing—and the ***joint report*** submitted by the parties (ECF No. 117) completely contradicts that position. PBE is entitled to depose Mr. Mendenhall about the Mendenhall Declaration, his underlying communications with OSTA members, and any other communication he has had with putative class members or experts.

Ignoring this record and clear case law, Plaintiffs argue that Mr. Mendenhall should not have to sit for a deposition in his individual capacity as President of OSTA for two reasons: (1) the Court lacks jurisdiction to compel the deposition of OSTA's President in his individual (non-Rule 30(b)(6) capacity), given that PBE did not serve a subpoena on Mr. Mendenhall; and (2) Mr. Mendenhall already provided testimony as OSTA's Rule 30(b)(6) representative. Both arguments fail as a matter of law.

First, this Court clearly has jurisdiction to compel OSTA's President to sit for a deposition. Rule 30 has long allowed for using a notice (rather than a subpoena) to command a

party's director or officer to appear for a deposition. It is well-settled that "Rule 30(b)(6) did not supplant the prior method of specifically noticing a corporate director, officer or managing agent for deposition." *Saperstein v. Palestinian Auth.,* No. 04-20225-CIV, 2009 WL 10667908, at *4 (S.D. Fla. Dec. 31, 2009). Of course, implicit in this well-settled case law is that a court has the jurisdictional power to compel a corporate officer of a named plaintiff to appear for a deposition when the plaintiff fails to comply with a properly-served Rule 30(b)(1) notice. *Ctr. for Individual Rights v. Chevaldina,* No. 16-20905-CIV, 2018 WL 2432109, at *20 (S.D. Fla. May 30, 2018) ("the party seeking a corporate deposition may identify a specific officer, director, or managing agent to be deposed and notice that individual under Federal Rule of Civil Procedure 30(b)(1)"); *Pride Family Brands, Inc. v. Carls Patio, Inc.,* No. 12-21783-CIV, 2013 WL 4647216, at *5 (S.D. Fla. Aug. 29, 2013) (recognizing "deposition notice under Rule 30(b)(1) 'should clearly indicate that the deposition is being taken of the organization through the name official or representative'" (citation omitted))*; Saperstein v. Palestinian Auth.,* No. 04-20225-CIV, 2009 WL 10667908, at *7 (S.D. Fla. Dec. 31, 2009) (same).[2]

That is precisely the case here. Plaintiffs do not dispute that Mr. Mendenhall is a corporate officer of OSTA; that PBE served a timely deposition notice on Mr. Mendenhall through counsel; and that Plaintiffs never moved for a protective order to challenge that notice, including the location of any deposition. As a result, this Court should compel Mr. Mendenhall to appear for a deposition in the Southern District of Florida at a mutually agreeable time prior to the November 2, 2018 summary judgment deadline.[3]

Second, as described above, simply because OSTA chose to designate Mr. Mendenhall as its corporate representative for its Rule 30(b)(6) deposition does not shield him from being deposed as the President of OSTA. Mr. Mendenhall submitted a declaration in this matter, and PBE has the fundamental right to test the statements made in the Mendenhall Declaration and the

---

[2]  For this reason, the few cases that Plaintiffs cite about quashing non-party subpoenas are entirely irrelevant. In *Bristol Heights*, for instance, the court granted a motion to quash the subpoena because the plaintiff "failed to articulate any basis for deposing" the opposing side's counsel. *See Bristol Heights Associates, LLC v. Chicago Title Ins. Co.,* 2013 WL 1342288, at *2 (D. Conn. Apr. 2, 2013). Likewise, in *Dreamtouch,* the subpoena was quashed for improper service, including being issued from the wrong court. *See Song v. Dreamtouch, Inc.,* 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001). None of these cases has any relevance here.
[3]  Critically, Plaintiffs even used this technique in this case to serve notice on PBE officers in their individual (non-Rule 30(b)(6) capacity).

4

underlying bases for it.  Of course, PBE was entitled to depose OSTA before filing its class certification opposition.  That, however, does not foreclose PBE from deposing the executive officer of one of the associations who brought this suit, particularly where he submitted a declaration after OSTA's Rule 30(b)(6) deposition.  Plaintiffs continue to collapse Mr. Mendenhall and OSTA—but the law does not.  *See, e.g., Boldstar Tech., LLC,* 2008 WL 11320004, at *3 (granting motion to compel because "mere fact that Plaintiffs may choose to designate Powell as the corporate representative for Boldstar does not lead to a conclusion that either Plaintiffs or Powell are being overburdened by virtue of the fact that he is subject to depositions in his dual capacities").

Ignoring the law, Plaintiffs nonetheless argue that leave of Court is required to depose Mr. Mendenhall, but the two cases Plaintiffs' cite in support are entirely inapposite.  In both cases, the movants were seeking to serve serial **Rule 30(b)(6)** deposition notices—not seeking to depose a corporate officer in his individual capacity after the company chose to designate him as a Rule 30(b)(6) representative.  *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,* 244 F.3d 189, 192 (1st Cir. 2001) ("GEAE presented two witnesses […] One year later […] Signal issued a Rule 30(b)(6) subpoena to GEAE. **Because this second Rule 30(b)(6) subpoena** was issued to GEAE without leave of the court, it was invalid." (emphasis added)); *State Farm Mutual Auto. Ins. Co. v. New Horizont, Inc.,* 254 F.R.D. 227, 233–34 (E.D. Pa. 2008) ("Defendants […] now seek **an additional Rule 30(b)(6) deposition** […] Because the deposition […] **would be the third deposition** of State Farm, the Court must first determine whether repeated depositions of party should be permitted…" (emphasis added)).  These facts clearly do not apply here, given that PBE is not seeking a second (or third) Rule 30(b)(6) deposition.

Nonetheless, even if leave of Court were somehow required to depose Mr. Mendenhall (and it is not), leave should be granted here.  Mr. Mendenhall submitted a new declaration, it is relevant to the merits of Plaintiffs' class certification briefing, and he has not provided any testimony about that declaration and its underlying circumstances and communications.  Moreover, the deposition was noticed well before the close of disclosure.  Worse, the Mendenhall Declaration references and relies upon a letter that was sent without PBE's knowledge, when Plaintiffs' counsel was making representations about a joint letter in order to resolve PBE's motion to compel.  Put simply, Mr. Mendenhall should be compelled to sit for a declaration in his individual capacity as President of OSTA.

5

Dated:  October 26, 2018

Respectfully submitted,

*s/ Brian M. Ercole*
Brian M. Ercole, FL Bar No. 102189
brian.ercole@morganlewis.com
Clay M. Carlton, FL Bar No. 85767
clay.carlton@morganlewis.com
Melissa M. Coates, FL Bar No. 111420
melissa.coates@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard
Suite 5300
Miami, FL 33131-2339
Telephone: (305) 415-3000
Facsimile:  (305) 415-3001

Troy S. Brown (admitted *pro hac vice*)
troy.brown@morganlewis.com
Elisa P. McEnroe (admitted *pro hac vice*)
elisa.mcenroe@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5214
Facsimile:  (215) 963-5001

Leonard Keith Samuels, FL Bar No. 501610
lsamuels@bergersingerman.com
BERGER SINGERMAN LLP
Las Olas Centre II
350 E Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872

*Attorneys for Defendant Point Blank Enterprises, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2018, I filed the foregoing *Reply in Support of Motion to Compel the Deposition of Jeremy Mendenhall, President of Plaintiff Ohio State Troopers Association, Inc., in his Individual Capacity w*ith the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record for the Parties.

                                        *s/ Brian M. Ercole*
                                        Brian M. Ercole